UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CIV. 2959**

EDGAR URIBE,

    Plaintiff,

vs.

KELLOGGS' SNACKS/KEEBLER, INC.,

    Defendant

-----------------------------------------------------x

COMPLAINT

ECF CASE

By and through his counsel, Michael H. Sussman, plaintiff complains of defendant as follows:

## I. PARTIES

1. Plaintiff Edgar Uribe is a resident of the State of New York, County of Rockland, within the judicial district.

2. Defendant Kelloggs Snacks/Keebler, Inc. is a corporation with headquarters at 29 Corporate Drive. Orangeburg, New York, within this judicial district. It may sue and be sued.

## II. JURISDICTION

3. As plaintiff alleges that defendant violated his federally protected civil rights by terminating him within this judicial district on the basis of his national origin, this Court has jurisdiction over the matter pursuant to 28 U.S.C. secs. 131, 1343

(3) & (4) and 42 U.S.C. secs. 1983 and 1988. Pursuant to 28 U.S.C. sec. 1367, this Honorable Court has pendent jurisdiction over the related state law claims which arise from the same nucleus of operative facts.

### III. **FACTUAL ALLEGATIONS**

4. Plaintiff Uribe is a native of Columbia, South America and is of Hispanic national origin.

5. Plaintiff Uribe is 38 years of age and came to the United States from Columbia approximately ten years ago.

6. Plaintiff is the father of an autistic child for whom is responsible for paying child support and funds for child care.

7. Plaintiff worked for defendant for approximately five years as a truck driver at, and out of the New York distribution center in Orangeburg, New York.

8. The vast majority of men in this job classification at that location are Caucasian.

9. Walter Smith, who is Caucasian, served as plaintiff's shop steward.

10. Walter Smith's father served before him as shop steward.

11. On June 29, 2004, while at work, Walter Smith pushed plaintiff into a panel of mail boxes with a wild look in his eyes.

12. Plaintiff gave Mr. Smith no provocation for this act of workplace violence.

13. After this first push, two men sought to intervene and prevent the much larger and heavier Smith from again attacking plaintiff.

14. Smith pushed these men away and again pushed the plaintiff, exclaiming, "come on you wanna go outside - right now."

15. Plaintiff did not intentionally strike Mr. Smith during this incident and exercised restraint.

16. Early the next morning, June 30, 2004, pursuant to company policy, plaintiff reported this incidence of workplace violence to Joe Didio, the facility manager.

17. Plaintiff showed Didio his bruised back and asked for a helper for lifting activities.

18. Didio asked plaintiff to write his account of what occurred.

19. Plaintiff complied and presented a writing which truthfully recounted Smith's conduct.

20. As a direct result, defendant suspended Smith before returning him to his job by the end of July 2004.

21. On July 6, 2004, defendant's human resources department contacted plaintiff and advised that he was being suspended for violating the company's "Workplace Violence Policy."

22. On July 15, 2004, defendant terminated plaintiff effective immediately.

23. On July 28, 2004, defendant advised plaintiff [through his union] that he could return to work with no back pay for the three weeks of missed work if he admitted his culpability for violating company policies and agreed that if he again violated such rules he could be fired.

24. As plaintiff had not violated company rules and provided no basis for the loss of his income or for imposition of a last chance agreement, he refused to sign the presented document and has since remained on termination status.

25. Thereafter, plaintiff's union grieved his termination without success.

26. Defendant has long condoned a work environment hostile to plaintiff and others of Latino/Hispanic descent.

27. As shop steward, Smith repeatedly made racist comments and directed the same toward plaintiff and other Hispanic workers.

28. Such conduct was common place and broadly accepted at defendant's place of business.

29. Plaintiff has been unable to find comparable employment since his termination on July 6, 2004.

30. Plaintiff has taken other employment which pays about half the salary he earned working for defendant.

31. Plaintiff has suffered emotional anguish as a consequence of defendant's

discriminatory and wrongful acts.

32. Plaintiff has lost and shall continue to suffer economic loss as a consequence of defendant's wrongful acts.

## IV. **CAUSES OF ACTION**

33. Plaintiff incorporates paras. 1-32 as if fully re-written herein.

34. By suspending and then terminating plaintiff though he violated no company policy and, in fact, complied with said policy by reporting the incident of workplace violence which he experienced, defendant discriminated against plaintiff on the basis of his national origin in violation of 42 U.S.C. sec. 1981-a which prohibits such discrimination in the workplace.

35. By suspending and then terminating plaintiff though he violated no company policy and, in fact, complied with said policy by reporting the incident of workplace violence which he experienced, defendant discriminated against plaintiff on the basis of his national origin in violation of sec. 296 of the Executive Law of the State of New York.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this cause;

b) empanel a jury to decide the legal issues within its authority;

c) award to plaintiff and against defendant make whole relief, including back pay with pre- and post-judgment interest, relief for the non-pecuniary compensatory damages he has suffered, punitive damages and reinstatement to his prior job with no loss in seniority or benefits or, in the alternative, front pay;

d) award to plaintiff the reasonable attorneys' fees and litigation costs incurred in the prosecution of this matter pursuant to 42 U.S.C. sec. 1988 and

e) enter any other order the interests of justice require.

Respectfully submitted,

Michael H. Sussman (3497)

Law Offices of Michael H. Sussman
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff